UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KENT,<br><br>   Plaintiff,<br><br> v.<br><br>VICI PROPERTIES INC., JAMES R. ABRAHAMSON, DIANA F. CANTOR, MONICA H. DOUGLAS, ELIZABETH I. HOLLAND, CRAIG MACNAB, EDWARD B. PITONIAK, and MICHAEL D. RUMBOLZ,<br><br>   Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal information and belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against VICI Properties Inc. ("VICI" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which VICI will acquire MGM Growth Properties LLC ("MGP") through VICI's subsidiary Venus Sub LLC ("REIT Merger Sub") (the "Proposed Transaction").[1]

---

[1] Non-party MGP is a Delaware corporation with its principal executive offices at 1980 Festival Plaza Drive, Suite 750, Las Vegas, Nevada 89135. MGP's common stock trades on the New York Stock Exchange under the ticker symbol "MGP." Non-party MGP OP is a Delaware limited

2. On August 4, 2021, VICI and MGP, along with MGP's controlling shareholder MGM Resorts International ("MGM Resorts"), jointly announced their entry into an Agreement and Plan of Merger dated the same day (the "Merger Agreement"). That agreement provides MGP Class A stockholders will receive 1.366 shares of newly issued VICI stock for each Class A share of MGP stock they own (the "Stock Issuance"). MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion and will also retain approximately 12 million units in a newly formed operating partnership of VICI, VICI Properties OP LLC ("New VICI Operating Company").[2]

3. On September 23, 2021, VICI filed a Prospectus on Form 424B3 (the "Prospectus") with the SEC. The Prospectus, which recommends that VICI stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Prospectus in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin

---

partnership and operating subsidiary of MGP.  Non-party MGM Resorts is a Delaware corporation with its principal executive offices at 3600 Las Vegas Boulevard South, Las Vegas, Nevada 89109. It is the controlling shareholder of MGP. Non-party VICI Properties L.P. ("Existing VICI OP") is a Delaware limited partnership and a wholly-owned operating subsidiary of VICI. Non-party New VICI Operating Company is a Delaware limited liability company formed to engage in the Proposed Transaction. Non-party REIT Merger Sub is a Delaware limited liability company and a wholly-owned subsidiary of Existing VICI OP.

[2] The approximate value of the Proposed Transaction is $17.2 billion.

Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, VICI's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and is and has been at all times relevant hereto, a continuous stockholder of VICI.

10. Defendant VICI is a Maryland corporation, with its principal executive offices located at 535 Madison Avenue, 20th Floor, New York, New York 10022. The Company is an experiential real estate investment trust ("REIT") focused on gaming, hospitality and

3

entertainment properties. VICI's common stock trades on the New York Stock Exchange under the ticker symbol "VICI."

11. Defendant James R. Abrahamson ("Abrahamson") is Chair of the Board and has been a director of the Company since October 2017.

12. Defendant Diana F. Cantor ("Cantor") is and has been a director of the Company since May 2018.

13. Defendant Monica H. Douglas ("Douglas") is and has been a director of the Company since February 2020.

14. Defendant Elizabeth I. Holland ("Holland") is and has been a director of the Company since January 2018.

15. Defendant Craig Macnab ("Macnab") is and has been a director of the Company since October 2017.

16. Defendant Edward B. Pitoniak ("Pitoniak") has been Chief Executive Officer ("CEO") of the Company and a director since October 2017.

17. Defendant Michael D. Rumbolz ("Rumbolz") is and has been a director of the Company since October 2017.

18. Defendants identified in paragraphs 11-17 are referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

19. On August 24, 2021, VICI, MGM Resorts, and MGP jointly announced in relevant part:

> NEW YORK & LAS VEGAS -- VICI Properties Inc. (NYSE: VICI) ("VICI Properties" or "VICI"), MGM Growth Properties LLC (NYSE: MGP) ("MGP")

and MGM Resorts International (NYSE: MGM) ("MGM Resorts"), MGP's controlling shareholder, announced today that they have entered into a definitive agreement (the "Master Transaction Agreement") pursuant to which VICI Properties will acquire MGP for total consideration of $17.2 billion, inclusive of the assumption of approximately $5.7 billion of debt. Upon completion of the merger, VICI will have an estimated enterprise value of $45 billion, firmly solidifying VICI's position as the largest experiential net lease REIT while also advancing VICI's strategic goals of portfolio enhancement and diversification.

Under the terms of the Master Transaction Agreement, MGP Class A shareholders will receive 1.366 shares of newly issued VICI stock in exchange for each Class A share of MGP. The fixed exchange ratio represents an agreed upon price of $43.00 per share of MGP Class A shares based on VICI's trailing 5-day volume weighted average price of $31.47 as of July 30, 2021 and represents a 15.9% premium to MGP's closing stock price on August 3, 2021. MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion and will also retain approximately 12 million units in a newly formed operating partnership of VICI Properties. The MGP Class B share that is held by MGM Resorts will be cancelled and cease to exist.

Simultaneous with the closing of the transaction, VICI Properties will enter into an amended and restated triple-net master lease with MGM Resorts. The lease will have an initial total annual rent of $860.0 million, inclusive of MGP's pending acquisition of MGM Springfield, and an initial term of 25 years, with three 10-year tenant renewal options. Rent under the amended and restated master lease will escalate at a rate of 2.0% per annum for the first 10 years and thereafter at the greater of 2.0% per annum or the consumer price index ("CPI"), subject to a 3.0% cap. Additionally, VICI will retain MGP's existing 50.1% ownership stake in the joint venture with Blackstone Real Estate Income Trust, Inc. ("BREIT JV"), which owns the real estate assets of MGM Grand Las Vegas and Mandalay Bay. The BREIT JV lease will remain unchanged and provides for current annual base rent of approximately $298 million and an initial term of 30 years, with two 10-year tenant renewal options. Rent under the BREIT JV lease escalates at a rate of 2.0% per annum for the first 15 years and thereafter at the greater of 2.0% per annum or CPI, subject to a 3.0% cap. On a combined basis, the MGM master lease and BREIT JV lease will deliver initial attributable rent to VICI of approximately $1.0 billion.

The transaction was approved by the Board of Directors of each of MGM Resorts, MGP and VICI Properties (and, in the case of MGP, the Conflicts Committee). The parties expect the transaction to close in the first half of 2022, subject to customary closing conditions, regulatory approvals and approval by the stockholders of VICI Properties. The VICI Properties Board of Directors and management team will remain unchanged.

Strategic Merits

- Immediately accretive to AFFO per share: The transaction extends VICI Properties' track record of consistent value creation since its formation in 2017 and is expected to provide immediate, high quality, accretion to AFFO per share upon closing

- Enhances portfolio quality, size, and scale at significant discount to replacement cost: VICI Properties will add 15 Class A entertainment resort properties spread across 9 regions comprising 33,000 hotel rooms, 3.6 million square feet of meeting and convention space and hundreds of food, beverage and entertainment venues to its portfolio at an estimated 30% to 40% discount to replacement cost. Following the transaction, approximately 55% of VICI's rent base will be generated by market-leading Regional properties while the remaining 45% will come from properties on the Las Vegas Strip

- Significantly diversifies tenant base: Upon closing, VICI Properties' top tenant concentration will be reduced to ~41% (from 84% currently) while 84% of VICI Properties' rent roll will be derived from S&P 500 tenants with a track record of having paid 100% of rent, on time and in cash throughout the COVID-19 pandemic

- Adds a global leader in hospitality and entertainment to tenant roster: The transaction adds a 55-year master lease, inclusive of tenant renewal options, with inflation protection through a CPI kicker and a corporate guarantee from MGM Resorts, an S&P 500 global entertainment company with national and international locations

- Bolsters retained cash flow and strengthens ability to fund accretive growth: Following the acquisition of MGP and the pending acquisition of the real estate of the Venetian Resort and Sands Expo Center, VICI Properties is expected to retain approximately $500 million of annualized free cash flow, after dividend payments, which may be deployed toward highly attractive growth opportunities across gaming and other experiential sectors

- Positions balance sheet for investment grade status: The transaction will position VICI Properties' balance sheet for investment grade status as VICI eliminates all of its existing secured debt and establishes an unencumbered asset pool

- Amplified index demand and trading liquidity: The transaction unlocks significant new index eligibility for MGP Class A shareholders while allowing investors in the combined company to benefit from index rebalancing, given the significantly larger size, and strong positioning for S&P 500 inclusion and enhanced trading liquidity

6

- Lower cost of capital given larger scale, diversity, improved credit profile and enhanced index inclusion: With improving cost of capital and retained cash flow, VICI is positioned to continue to grow its portfolio accretively in both gaming and non-gaming sectors

Additional details can be found in the Transaction Overview presentation posted on the VICI Properties website.

"Through this transformative strategic acquisition, we are merging MGP's best-in-class portfolio into VICI's best-in-class management and governance platform, creating the premier gaming, entertainment and leisure REIT in America," said Ed Pitoniak, CEO of VICI Properties. "We want to thank James Stewart, Andy Chien and the MGP Board for building and stewarding a portfolio of such exceptional quality, and going forward we are honored to become a key real estate and capital partner for Bill Hornbuckle and the MGM Resorts management team and Board. We look forward to supporting their strategic growth objectives for decades to come."

"After many years of growing both of our portfolios, combining them into one company will generate the best results for the shareholders of both companies," said James Stewart, CEO of MGP. "The combined company will create a superior platform for delivering exceptional returns to MGP's existing shareholders, by improving diversification, increasing scale, lowering cost of capital and benefiting from future growth."

Bill Hornbuckle, CEO and President of MGM Resorts, said, "This transaction unlocks the significant real estate value of our assets, enhances our financial flexibility and strengthens our ability to execute key growth initiatives. We look forward to our long-term partnership with VICI."

Financing

VICI Properties has secured a $9.3 billion financing commitment from Morgan Stanley, J.P. Morgan and Citibank.

Advisors

Morgan Stanley & Co LLC is acting as lead strategic and financial advisor to VICI Properties on the transaction. Citigroup Global Markets Inc. is also acting as financial advisor to VICI Properties. Hogan Lovells US LLP and Kramer Levin Naftalis & Frankel LLP are serving as legal advisors to VICI Properties. Baker Botts LLP is serving as legal advisor to MGP. Evercore is acting as financial advisor and Potter Anderson & Corroon LLP is serving as legal advisor to the Conflicts Committee of the MGP Board of Directors. J.P. Morgan is acting as

financial advisor and Weil, Gotshal & Manges LLP is serving as legal advisor to MGM Resorts.

**The Prospectus Contains Material Misstatements or Omissions**

20. The defendants filed a materially incomplete and misleading Prospectus with the SEC and disseminated it to VICI's stockholders. The Prospectus misrepresents or omits material information necessary for the Company's stockholders to make an informed voting decision on the Proposed Transaction.

21. Specifically, as set forth below, the Prospectus fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's and MGP's financial projections; (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (c) Morgan Stanley's potential conflicts of interest.

*Material Omissions Concerning Financial Projections*

22. The Prospectus fails to disclose material information concerning the financial projections for both the Company and MGP, including (a) dividends per share; and (b) net free cash flows for each of VICI and MGP over the projection period. The Prospectus further fails to disclose the line items underlying (a) Adjusted EBITDA, (b) AFFO and (c) unlevered free cash flow for both the Company and MGP.

23. The omission of this information renders the statements in the "Certain VICI Unaudited Prospective Financial Information" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Financial Analyses Relied on by the Board*

24. The Prospectus omits material information regarding the data and inputs underlying

8

the valuation analyses performed by the Morgan Stanley.

25. The Prospectus describes the Morgan Stanley's fairness opinion and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding Morgan Stanley's work. As a result, VICI stockholders cannot assess what significance to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

26. With respect to Morgan Stanley's *Comparable Public Company Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for each of the comparable companies observed in the analysis.

27. With respect to Morgan Stanley's *Dividend Discount Analysis* of MGP Class A common shares, the Prospectus fails to disclose: (a) the implied present value of dividends per share that MGP was forecasted to generate for the period from July 1, 2021 through December 31, 2025; (b) the estimated amount of AFFO per share used to derive the terminal value; and (c) the inputs and assumptions underlying the range of discount rates utilized for purposes of the analysis.

28. With respect to Morgan Stanley's *Dividend Discount Analysis* of VICI common stock, the Prospectus fails to disclose: (a) the aggregate implied present value of dividends per share that VICI was forecasted to generate for the period from July 1, 2021 through December 31, 2025; (b) the estimated amount of AFFO per share used to derive the terminal value; and (c) the inputs and assumptions underlying the range of discount rates utilized for purposes of the analysis.

29. With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of MGP, the Prospectus fails to disclose: (a) the net free cash flows that MGP was forecasted to generate during the six months ending December 31, 2021 through the twelve months ending December 31, 2025;

9

(b) the forecasted EBITDA of MGP for the twelve months ending December 31, 2026, used to derive the terminal value; and (c) the inputs and assumptions underlying the range of discount rates utilized for purposes of the analysis.

30. With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of VICI, the Prospectus fails to disclose: (a) the net free cash flows that VICI was forecasted to generate during the six months ending December 31, 2021 through the twelve months ending December 31, 2025; (b) the forecasted EBITDA of VICI for the twelve months ending December 31, 2026, used to derive the terminal value; and (c) the inputs and assumptions underlying the range of discount rates utilized for purposes of the analysis.

31. The omission of this information renders the statements in the "Opinion of VICI's Financial Advisor" and "Certain VICI Unaudited Prospective Financial Information" sections of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Potential Conflicts Affecting Morgan Stanley*

32. The Prospectus omits material information concerning potential conflicts involving Morgan Stanley, including the details of past services that the investment banker has provided to VICI, MGM, and MGP. *See* Prospectus at 90-91.

33. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

34. The omission of this information renders the statements in the "Opinion of VICI's Financial Advisor" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

35. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Prospectus. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Company stockholders will be unable to make an informed voting decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36. Plaintiff repeats all previous allegations as if set forth in full.

37. During the relevant period, defendants disseminated the false and misleading Prospectus specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

38. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Prospectus. The Prospectus was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's and MGP's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley, among other things. The defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

40. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of VICI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of VICI, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Prospectus at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Prospectus.

46. In addition, as the Prospectus sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Prospectus purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, VICI's stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of VICI, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction

13

and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to VICI stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 15, 2021    **ROWLEY LAW PLLC**

             *S/ Shane T. Rowley*
             Shane T. Rowley (SR-0740)
**OF COUNSEL:**       Danielle Rowland Lindahl
             50 Main Street, Suite 1000
**LONG LAW, LLC**      White Plains, NY 10606
Brian D. Long        Tel: (914) 400-1920
3828 Kennett Pike, Suite 208   Fax: (914) 301-3514
Wilmington, DE 19807     Email: srowley@rowleylawpllc.com
Telephone: (302) 729-9100    Email: drl@rowleylawpllc.com
Email: BDLong@longlawde.com
             *Attorneys for Plaintiff*